**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JON CHARLES HOLM,

            Petitioner - Appellant,

   v.

FERNANDO GONZALEZ, Warden,
Acting Warden, California Correctional
Institution at Tehachapi, California,

            Respondent - Appellee.

No. 12-55197

D.C. No. 2:09-cv-05401-GW-RCF

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 10, 2013[**]
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

    Petitioner Jon Charles Holm appeals the district court's denial of his habeas

corpus petition challenging his conviction of committing two lewd acts upon a

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

child in violation of California Penal Code § 288(c)(1). The district court granted a Certificate of Appealability as to Holm's claim that the California Court of Appeal's conclusion that his Sixth Amendment right to notice of the charges against him was not violated was contrary to or an unreasonable application of clearly established federal law. Holm contends that the state trial court's decision to permit an amendment to change the last date of the charged conduct violated that constitutional right. He also presents uncertified claims. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, review de novo, *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc), and affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996, we grant habeas relief based on a claim that was adjudicated on the merits in state court proceedings if the last reasoned state court decision addressing the claims—here, the California Court of Appeal's 2009 decision—was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Applying the deferential review required in habeas corpus proceedings, we cannot conclude that the California Court of Appeal's decision, which determined that Holm had adequate notice of the charges

2

asserted against him based upon evidence presented at his preliminary hearing and the amendment had no impact upon the substantive crimes with which he was charged, meets the requirements set forth in 28 U.S.C. § 2254(d). *See Gautt v. Lewis*, 489 F.3d 993, 1004 (9th Cir. 2007) ("[T]he substance of the information . . . must in some appreciable way apprise the defendant of the charges against him so that he may prepare a defense accordingly.").

In order to broaden a certificate of appealability, Holm must make a "substantial showing of the denial of a constitutional right" with respect to his uncertified claims, 28 U.S.C. § 2253(c)(2), by demonstrating that (1) the issues are debatable among jurists of reason, (2) the court could resolve the issues differently, or (3) the questions are adequate to deserve encouragement to proceed further. *Mendez v. Knowles*, 556 F.3d 757, 770-71 (9th Cir.2009) (internal quotation marks omitted). Because Holm has not made such a showing, we decline to broaden the certificate of appealability to include his uncertified claims. *See id.* at 771.

**AFFIRMED.**